IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Labrontae S. Agnew, | ) | Civil Action No.: 0:16-399-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

On February 8, 2016, Petitioner Labrontae S. Agnew, ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for review pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A. On April 6, 2016, the Magistrate Judge prepared a Report and Recommendation, ("the Report"), recommending that this action be summarily dismissed *without prejudice* and without requiring Respondent to file a return, based on it being a successive petition. (ECF No. 9). Objections to the Report were due by April 25, 2016. Petitioner did not file any Objections to the Report. The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Applying the above standards to the instant matter, the Court has carefully reviewed the record, applicable law, and the Magistrate Judge's Report, (ECF No. 9), and finding no clear error in the Report, the Court adopts and incorporates it herein by reference.  Accordingly, Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *without prejudice* and without requiring Respondent to file a return.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©.  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

May 2, 2016
Columbia, South Carolina